In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2093

Shaun R. Johnson,

Plaintiff-Appellant,

v.

Officer Ruben Rivera, Officer Matthew
Martinez, Officer Geoffrey Howard,
and Officer William Pellegrini,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3907--Ruben Castillo, Judge.

Argued November 7, 2001--Decided November 29, 2001

   Before Flaum, Chief Judge, and Posner and
Kanne, Circuit Judges.

   Flaum, Chief Judge.  Pursuant to Federal
Rule of Civil Procedure 12(b)(6), the
district court dismissed Plaintiff-
Appellant Shaun Johnson's claim as
untimely, and Johnson appeals. For the
reasons stated herein, we reverse.

I.  Background

   In reviewing a motion to dismiss, we
accept all facts alleged in the complaint
as true and draw all reasonable
inferences in the light most favorable to
the plaintiff. See Crenshaw v. Baynerd,
180 F.3d 866, 868 (7th Cir. 1999).
Johnson is an inmate in the Cook County
Department of Corrections. On December
22, 1995, the toilet in Johnson's cell
malfunctioned. One day later, with the
toilet stillinoperable, Johnson summoned
Officer Ruben Rivera to request use of
the prison's shared facility. Officer
Rivera allowed Johnson's cellmate to
utilize the common area toilet, but
detained Johnson in his cell. Rivera
refused to let Johnson leave because
Johnson had acted inappropriately when
the toilet broke on the previous day.
Johnson informed Officer Rivera that he
planned to file a grievance regarding

Rivera's conduct, at which time Rivera became enraged and called four additional officers. Officers Rivera, Matthew Martinez, Geoffrey Howard and William Pellegrini (collectively "Defendants") then beat Johnson, who subsequently required medical treatment.

Johnson filed a grievance concerning the attack and placed the completed form in his cellblock mailbox pursuant to Department of Corrections procedures. However, Pellegrini removed and destroyed Johnson's grievance. For the next year, Johnson and his family repeatedly inquired about the status of his grievance, but neither Johnson nor his family received a response from the prison's grievance officer.

On June 24, 1998, Johnson filed in federal court a pro se complaint requesting relief for the December 23, 1995 beating. Defendants moved to dismiss the complaint as time-barred by the applicable statute of limitations, and the district court granted Defendants' motion. The district court ruled that Johnson filed his complaint outside the two-year statute of limitations period for sec. 1983 actions in Illinois, and Johnson could advance no legitimate reason for the delay. The district court noted that the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing suit under sec. 1983, and acknowledged that Illinois tolls the statute of limitations when a cause of action is "statutorily prohibited." However, the district court reasoned that Johnson should have realized the futility of the grievance process and filed his claim anyway.

Johnson offers two arguments on appeal. First, he claims that the district court should have tolled the statute of limitations pursuant to 735 ILCS 5/13-216 because the PLRA required Johnson to exhaust his administrative remedies before filing suit. Alternatively, Johnson contends that the district court should have equitably tolled the statute of limitations while he pursued administrative remedies within the Department of Corrections./1

II. Discussion

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6); Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). Whether a district court correctly dismissed a complaint is a question of law that we review de novo. Id.

Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the limitations period for sec. 1983 cases is two years. Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). Moreover, because "the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application," federal courts must "also borrow[ ] the state's tolling rules--including any equitable tolling doctrines." Smith v. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1992). In this case, the relevant tolling statute states,

When the commencement of an action is stayed by an injunction, order of court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action.

735 ILCS 5/13-216 ("section 13-216") (emphasis added). There can be no question that a federal court applying Illinois law must toll the statute of limitations if a "statutory prohibition" exists that prevents a plaintiff's cause of action. Here, such a statutory prohibition exists. The PLRA requires exhaustion of administrative remedies prior to filing suit under sec. 1983. See 42 U.S.C. sec. 1997e(a) (2000). According to the statute,

no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted.

Id. See also Smith v. Zachary, 255 F.3d 446 (7th Cir. 2001). While this circuit has yet to rule on the precise relationship between sec. 1997e and the Illinois tolling statute, other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under sec. 1997e. See Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999); see also Cardenas v. Washington, 2001 U.S. App. LEXIS 14056 (7th Cir. June 19, 2001) (unpublished) (acknowledging Brown and Harris, but not deciding the issue for this court); Scanlon v. Drew, 2000 U.S. App. LEXIS 18776 (7th Cir. July 31, 2000) (unpublished) (same).

It is not difficult to see why the Illinois tolling statute applies in such cases. Tolling statutes are designed to avoid a "procedural catch-22," in which a statute or court order prevents a potential plaintiff from properly filing a cause of action. Two examples illustrate the procedural complexities cured by tolling statutes. In Doe v. Bobbitt, 698 F. Supp. 1415 (N.D. Ill. 1988), rev'd on other grounds, 881 F.2d 510 (7th Cir. 1989), the plaintiff discovered facts sufficient to survive a motion to dismiss only after the district court lifted a two-year discovery ban. The court identified a situation in which the plaintiff could risk Rule 11 sanctions by filing an unfounded claim within the limitations period or wait until after the limitations period and file a well-grounded complaint. Because this was the type of procedural morass that tolling statutes are designed to prevent, the court suspended the prescriptive period during the discovery stay. Id. at 1419.

Similarly, in Board of Education v. Wolinsky, 842 F. Supp. 1080 (N.D. Ill. 1994), the district court considered a claim brought under sec. 504 of the Rehabilitation Act. Like the PLRA, the Rehabilitation Act requires plaintiffs seeking recovery under sec. 504 to exhaust certain administrative remedies before filing suit. The district court relied upon section 13-216 and held that the "exhaustion requirement is in effect

a stay of an action by statutory prohibition." Id. at 1085. The court thus tolled the statute of limitations, giving the plaintiff time to exhaust the requisite administrative remedies before filing suit. Id.

The procedural morass identified by courts in other contexts is equally relevant to the case before us. The "catch-22" in this case is self-evident: the prisoner who files suit under sec. 1983 prior to exhausting administrative remedies risks dismissal based upon sec. 1997e; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon untimeliness. We thus hold that in the ordinary case, a federal court relying on the Illinois statute of limitations in a sec. 1983 case must toll the limitations period while a prisoner completes the administrative grievance process.

That does not end our inquiry, however, because this is not the ordinary case. Here, Johnson never completed the prison's grievance process. The district court held that even if section 13-216 applied, "it became clear well within the limitations period that Johnson would not obtain satisfaction via the prison's administrative procedures." Johnson v. Rivera, No. 98 C 3907, slip op. at 2 (N.D. Ill. Apr. 1, 1999). The district court cites no authority for this proposition, which, in our view, does not address Johnson's allegations that Officer Pellegrini destroyed his grievance and that Johnson's repeated inquiries to the grievance board proved unavailing. Given that we must accept all well-pleaded facts in Johnson's complaint as true, see Crenshaw, 180 F.3d at 868, we cannot set aside Johnson's assertions of misconduct by the defendants./2

III.  Conclusion

For the foregoing reasons, we REVERSE the decision of the district court and REMAND for proceedings consistent with this opinion.

FOOTNOTES

/1 We need not reach the issue of federal equitable tolling principles in this context because we agree with Johnson that the Illinois tolling statute applies in this case. See Tyler v. Run-

yon, 70 F.3d 458, 464 n.6 (7th Cir. 1995).

/2 We are mindful of the potential for fraud in the present context, whereby prisoners could feign compliance with grievance procedures to avoid statute of limitations problems. However, there are other, more appropriate methods to prevent such malfeasance. For example, the district court could allow limited discovery on the issue of Johnson's attempt to file a grievance in the Department of Corrections.