**Joe NORMAN, Plaintiff–Appellant,**

v.

**CITY OF EVANSTON, et al.,
Defendants–Appellees.**

No. 04–2658.

United States Court of Appeals,
Seventh Circuit.

Submitted April 6, 2006.*

Decided April 11, 2006.

Joe Norman, Pinckneyville, IL, pro se.

Before Hon. WILLIAM H. BAUER, Hon. RICHARD A. POSNER, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

Joe Norman alleges that police officers in Evanston, Illinois, fractured his arm during an arrest and then failed to take him for medical treatment until a judge

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ordered them to do so later the same day. He has named the police department and several officers in a suit under 42 U.S.C. § 1983 claiming that the arresting officers used excessive force and afterward ignored his injury, and that other officers assigned to investigate his informal "citizen's complaint" concerning the incident just covered it up. The district court concluded that Norman's claims are barred by the two-year statute of limitations applicable to § 1983 claims arising in Illinois, and before service of process dismissed the suit under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The police department is not a separate entity that can be sued under § 1983, so we have substituted the City of Evanston as the institutional defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir.1997); *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997).

Expiration of a statute of limitations is an affirmative defense. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir.2005). A district court should not raise the defense on its own unless its validity is "apparent from the complaint itself" and "unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir.2002). Section 1983 does not have its own statute of limitations, so federal law incorporates the forum state's limitations period and tolling provisions for personal injury cases. *Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir.2004); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001). In Illinois, the statute of limitations for personal injury claims is two years. 735 Ill. Comp. Stat. 5/13–202; *Johnson*, 272 F.3d at 521.

It is obvious from the face of his complaint that Norman's arrest on September 18, 2001, occurred more than two years before he filed his suit on March 24, 2004. But on January 31, 2002, Norman submitted a "citizen's complaint" to the police department's Office of Professional Standards ("OPS"), which the chief (one of the defendants here) assigned to a sergeant (another defendant) for investigation. According to the police department's website, the OPS investigates allegations of misconduct made against the police. City of Evanston, Police, About Us, http://www.cityofevanston.org/departments/police/organization/office.shtml (last visited Mar. 30, 2006). As far as we can tell, the department created the OPS voluntarily without mandate from the state legislature or the city council. The OPS exonerated the officers on July 1, 2002.

Norman, an inmate in the Illinois prison system both now and when he filed his lawsuit, argues that the statute of limitations was tolled until his OPS complaint was resolved because, he says, the use of the OPS process was compelled by 42 U.S.C. § 1997e(a). That statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The pursuit of an administrative remedy required under § 1997e(a) stops the running of the applicable limitations period until the administrative process has run its course. *Johnson*, 272 F.3d at 522. Norman insists that the OPS complaint process is an administrative remedy for purposes of § 1997e(a), but the district court gave no consideration to this argument because the court did not invite Norman to comment on the limitations question before dismissing his suit.

Norman's tolling argument encounters a number of obstacles, chief among them that his allegations, at least as they relate to his arrest, do not concern "prison conditions." *See Witzke v. Femal*, 376 F.3d 744, 752 (7th Cir.2004). And even if the short delay in securing medical treatment for his fractured arm does concern a "prison con-

dition" in that Norman by then was firmly in police custody, there still remains the question whether the OPS process is an "administrative remedy" for purposes of § 1997e(a). In the typical case involving § 1997e(a), the plaintiff is complaining about the conduct of employees at a prison or jail having a well-defined, formalized grievance procedure. *See, e.g., Dole v. Chandler,* 438 F.3d 804 (7th Cir.2006); *Burrell v. Powers,* 431 F.3d 282 (7th Cir. 2005). Here, in contrast, we are skeptical that the police department in Evanston intended or views the OPS process as a grievance mechanism for persons taken into custody by its officers, though the original purpose and structure of the OPS procedure may not be determinative as to whether it is an available "administrative remedy" under § 1997e(a). *See Concepcion v. Morton,* 306 F.3d 1347, 1355 (3d Cir.2002) (holding that "administrative remedies" under § 1997e(a) are not limited to those "formally adopted through regulations").

But we need not answer that question because, even if Norman is correct that the statute of limitations was tolled under § 1997e(a) while his "citizen's complaint" was pending, his suit was still untimely. Norman filed his complaint in the district court more than 30 months after his alleged injury—just over six months after the limitations period would have run if it was not tolled. But the OPS took only slightly more than five months to process his complaint. So even if the limitations period was tolled until Norman received a response from the OPS, his complaint still would have been filed nearly five weeks after the limitations period expired. Therefore, this district court was correct to dismiss his complaint as time-barred.

Additionally, Norman states in his brief that he sued the same defendants in state court, but that the complaint was dismissed. Claims that attempt to relitigate "the same cause of action between the same parties where the first litigation resulted in a valid, final judgment on the merits" are barred by claim preclusion. *Wilhelm v. Milwaukee,* 325 F.3d 843, 846 (7th Cir.2003). It is therefore likely that Norman's claims are barred by claim preclusion as well as the statute of limitations.

AFFIRMED.