

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2007

# Shakuur v. Costello

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1164

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Shakuur v. Costello" (2007). *2007 Decisions.* Paper 1148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1164

_____

STEPHEN A. SHAKUUR,
                                        Appellant

v.

THOMAS J. COSTELLO, COMMISSIONER;
GLOVER, OFFICER; SHIELDS, OFFICER;
MOORE, OFFICER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-2918
(Honorable Michael M. Baylson)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2007
Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed May 1, 2007)

_____

OPINION OF THE COURT

_____

PER CURIAM.

       Stephen Shakuur appeals the dismissal of his civil rights complaint by the United

States District Court for the Eastern District of Pennsylvania.  We will affirm the District

Court's order.

## I.

According to Shakuur's complaint, on October 14, 2002, he was assaulted by a correctional officer at Currant-Fromhold Correctional Facility, a facility in the Philadelphia Prison System (PPS). Shakuur alleges that he sustained severe head and face injuries in the altercation, necessitating extensive medical treatment, and causing ongoing migraine headaches and pain. Shakuur names three correctional officers and the commissioner of the prison system as defendants. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Shakuur's claim was time-barred. After receiving Shakuur's response to the motion to dismiss, the District Court granted the motion.

Shakuur appealed and is proceeding in forma pauperis. We declined to dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B), and by order entered November 2, 2006, directed the parties to address whether the applicable statute of limitations should be tolled during any period that Shakuur might have been exhausting administrative remedies. Shakuur has filed a "Motion by Appellant for Oral Argument and/or Appointment of Counsel."

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we exercise plenary review over the decision to grant a Rule 12(b)(6) motion to dismiss. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We can affirm the District Court's order

on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We must determine "whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (citations omitted).  Applying that standard, we agree with the District Court that Shakuur's suit was untimely.  The statute of limitations for a personal injury action in Pennsylvania is two years.  See 42 Pa. Cons. Stat. Ann. § 5524.  According to Shakuur, the assault against him occurred on October 14, 2002.  Shakuur did not initiate this lawsuit until June 20, 2005, approximately eight months past the date the statute of limitations expired.  Unless there is reason to toll a statute of limitations, the complaint was untimely.

Though this Court has not spoken on the issue, several courts of appeals have concluded that, because exhaustion is mandatory under the PLRA, the statute of limitations applicable to § 1983 actions must be tolled while a prisoner exhausts.[1]

---

[1] See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) (agreeing with "the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (holding "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process"); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (because PLRA prevents bringing § 1983 action until administrative remedies are exhausted, state statute of limitations tolled while prisoner exhausted); Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (state law precedent dictates that PLRA's exhaustion requirement prevents state statute of limitations from running until prisoner has exhausted).

3

However, because Shakuur has not properly attempted to exhaust administrative remedies, we need not reach this issue. We take judicial notice of PPS's internal grievance procedures.[2] The briefs submitted by the parties clarify that Shakuur has not undertaken any of the steps of the grievance procedure. See Jones v. Bock, 127 S. Ct. 910, 923 (2007) (prison's own requirements define proper exhaustion). Accordingly, we agree with the District Court's decision to grant defendants' motion to dismiss on the basis of the untimeliness of the complaint.

We, therefore, will affirm the judgment of the District Court. Shakuur's motion for counsel/oral argument is denied.

---

[2]PPS has grievance procedures for inmate complaints that allege violations of constitutional rights. See Nelson v. Warden of Currant-Fromhold Corr. Facility, 461 F. Supp. 2d 316, 318 (E.D. Pa. 2006). The inmate completes a multi-part grievance form and retains a copy. See Harvey v. City of Philadelphia, 253 F. Supp. 2d 827, 830 (E.D. Pa. 2003). The inmate must submit the form within 10 days of the events giving rise to the grievance. See Nelson, 461 F. Supp. 2d at 319 n.3. If the inmate feels he is being denied access to the normal procedures, he may forward his grievance directly to the Commissioner. See Harvey, 253 F. Supp. 2d at 830.