# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3851

_____

Marlon Williams,                                    *
                                                    *
                Appellant,                          *
                                                    *    Appeal from the United States
        v.                                          *    District Court for the
                                                    *    Eastern District of Arkansas.
Pulaski County Detention Facility;                  *
Johnson, Deputy, Pulaski County                     *    [UNPUBLISHED]
Detention Facility; Sanchez, Sgt.,                  *
Pulaski County Detention Facility;                  *
Johnson, Sgt., Pulaski County                       *
Detention Facility,                                 *
                                                    *
                Appellees.                          *

_____

Submitted: May 13, 2008
Filed: May 19, 2008

_____

Before BYE, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Marlon Williams (Williams) appeals the district court's order dismissing his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A. The court also denied Williams leave to appeal in forma pauperis (IFP), and Williams has renewed his IFP motion in this court. We grant IFP status and leave the fee collection to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

As to the merits, this court reviews de novo a section 1915A dismissal. <u>See</u> <u>Cooper v. Schriro</u>, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). We agree with the district court that the Pulaski County Detention Center (PCDC) is not subject to suit under section 1983. <u>Cf.</u> <u>Dean v. Barber</u>, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (concluding the sheriff's department is not a legal entity and thus is not subject to suit or liability under § 1983).

With regard to the individual defendants, as the district court noted, a three-year statute of limitations applies to section 1983 actions filed in Arkansas. <u>See</u> <u>Miller v. Norris</u>, 247 F.3d 736, 739 (8th Cir. 2001). However, it appears the district court did not consider Williams's objections to the magistrate's report, wherein Williams argued the limitations period was tolled because he never received a final decision on his administrative grievance, noting administrative exhaustion was required before filing suit. <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 733-34, 740-41 (2001) (explaining, under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust administrative remedies before bringing a civil rights action concerning prison conditions regardless of the relief offered through any administrative procedures); <u>Brown v. Valoff</u>, 422 F.3d 926, 942-43 (9th Cir. 2005) (collecting cases for the proposition that the applicable statute of limitations must be tolled while a prisoner completes a mandatory exhaustion process); <u>see also</u> <u>Johnson v. Rivera</u>, 272 F.3d 519, 521-22 (7th Cir. 2001) (deciding, because federal courts borrow state limitations periods for section 1983 actions, federal courts must also borrow state tolling law; and the Illinois statute of limitations must be tolled if a statutory prohibition, such as the PLRA, exists that prevents plaintiff's cause of action).

We thus reverse the dismissal as to the three individual defendants, and remand for the district court to consider in the first instance—after further development of the record, if necessary—whether the limitations period should have been tolled here, and whether the facts would support tolling, if it is available. <u>See</u> <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1277, 1279-80 (11th Cir. 2001) (per curiam) (recognizing the

possibility that "statute of limitations may have been tolled on account of [inmate's] exhaustion of administrative remedies," and therefore concluding a § 1915A dismissal may have been improper; and remanding to the district court to decide the legal issue in the first instance).  As to the section 1915A dismissal of PCDC, we affirm.

_____