**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1406
_____

PEDRO MIQUEL DASILVA,

Appellant

v.

SHERIFF'S DEPARTMENT;
CITY OF PHILADELPHIA; PRISON P.I.C.C.
ON STATE ROAD

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-03588)
District Judge:  Honorable Legrome D. Davis

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2011
Before:  AMBRO, HARDIMAN and STAPLETON, Circuit Judges

(filed: January 20, 2011 )

_____

OPINION
_____

PER CURIAM

        Pedro Miquel P. DaSilva appeals from the orders of the United States District

Court for the Eastern District of Pennsylvania dismissing his complaint as frivolous and

denying relief from the judgment.  We will vacate the judgment and remand the matter

for further proceedings.

DaSilva filed a civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants the Sheriff's Department, the City of Philadelphia ("City"), and Prison P.I.C.C. on State Road. DaSilva alleged that his constitutional rights were violated when he was struck in the face several times by an officer of the Sheriff's Department. The complaint does not specify a date on which the beating occurred, but DaSilva stated that he filed a grievance concerning the issue on June 28, 2007. DaSilva, who is now an inmate of the State Correctional Institution at Cresson, Pennsylvania, signed his complaint on June 20, 2009, but his accompanying motion for leave to proceed in forma pauperis ("IFP") was not certified by the appropriate prison official until July 17, 2009. The IFP motion was filed on August 6, 2009 and was granted on August 11, 2009, and the complaint was filed on the docket that same day. The City executed a waiver of service.

DaSilva filed a motion to amend the complaint to add as a defendant the Warden of the prison to which he was being transferred at the time of the beating. Before the expiration of the time that the City had to respond to the complaint, the District Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), noting that DaSilva had not alleged personal involvement on the part of any defendant concerning the beating. The District Court also denied DaSilva's motion to amend as moot. Shortly thereafter, the City filed a motion to dismiss, arguing that the incident allegedly occurred on or before June 28, 2007, but that the complaint was filed in August 2009, beyond the

2

applicable two-year limitations period. DaSilva filed a document that was construed as a response to the City's motion to dismiss though the document did not relate to the timeliness issue, but rather explained that DaSilva had been unable to ascertain the names of the officers who assaulted him despite his efforts to do so. By order entered November 2, 2009, the District Court denied the City's motion as moot, and struck DaSilva's response to the motion from the record.

On December 14, 2009, DaSilva filed a Rule 60(b) motion for relief from the September 30, 2009 order. He protested, among other things, that he had not been given an opportunity to amend his complaint by naming additional defendants and describing their involvement in the action. By order entered December 31, 2009, the District Court denied the Rule 60(b) motion, noting that amendment would have been futile because the action was barred by the statute of limitations. Further, citing a not precedential opinion by this Court and noting that DaSilva signed his complaint and IFP application within the presumed bounds of the statute of limitations, the District Court concluded that the several-week delay by the prison official who certified DaSilva's prison account balance did not warrant equitable tolling of the statute of limitations. (See District Court Dec. 31, 2009 Order at 2 (citing Lyons v. Emerick, 187 Fed. Appx. 219, 221 (3d Cir. 2006)(not precedential))). This appeal followed. We have appellate jurisdiction under 28 U.S.C. § 1291.

We first address the scope of the appeal. DaSilva's notice of appeal is dated January 28, 2010 and was filed on February 1, 2010. The City does not dispute the

3

timeliness of the appeal concerning the District Court's December 31, 2009 order denying Rule 60(b) relief. DaSilva's notice of appeal also refers to the District Court's order dismissing the case, but the notice was filed outside the time for appeal under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. On this basis, the City asserts that we lack jurisdiction to review the dismissal order. However, it is clear from the record that the District Court's dismissal order did not comply with the separate document requirement of Rule 58(a), Federal Rules of Civil Procedure. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (an order must "omit (or at least substantially omit) the trial court's reasons for disposing of the claims"). For purposes of Rule 4, the District Court's September 30, 2009 order would be deemed "entered" 150 days after it was entered on the docket, and the Rule 4 deadline for appeal would run thereafter. See LeBoon, 503 F.3d at 223 (discussing entry of judgment under Fed. R. App. P. 4(a)(7)(A)(ii) and Fed. R. Civ. P. 58(a)).[1] We conclude that we have jurisdiction to review both of the orders appealed.

We next address the City's argument that we need not reach the merits of the appeal. The City contends that DaSilva has waived all arguments because he fails to raise any alleged errors by the District Court in his brief. Generally, we agree with the proposition that an appellant's failure to present and argue issues in the opening brief

---

[1] Although DaSilva's notice of appeal was filed before the 150-day period elapsed, that circumstance does not prevent us from entertaining the appeal. LeBoon, 503 F.3d at 224 n.5.

would result in waiver of the issues on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993); Fed. R. App. P. 28(a). However, DaSilva proceeds pro se, and accordingly, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We are satisfied that DaSilva's response to question five in his informal brief presents a challenge to both the dismissal of his claim as frivolous and the denial of his motion for relief from judgment. Specifically, DaSilva's brief expresses his disagreement with the District Court's rulings, including the denial of his motion to amend his complaint. We will proceed to review the merits of the appeal.

The District Court sua sponte dismissed DaSilva's complaint under section 1915(e) because DaSilva failed to name the responsible defendants with specificity. However, the District Court failed to provide any opportunity for DaSilva to amend the complaint to name those defendants and denied DaSilva's motion to amend as moot. Given the early stage of proceedings at the time of dismissal, there is nothing in the record to suggest that amendment would have been inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). It is not impossible that DaSilva could have named the proper defendants if he had been granted a period of time to file an amended complaint.[2]

---

[2] Because the City took the position that we lack jurisdiction to review the District Court's order dismissing the case and denying DaSilva's initial motion to amend the complaint, the City argues that the discretion vested by Federal Rule of Civil Procedure 15 to permit amendment "freely" does not apply to this case. Instead, the City argues that DaSilva's *post-judgment* request to amend was subject to the Rule 60(b) standard for reopening, and, as of that late date, DaSilva could not have met the notice requirements

The District Court's later decision denying DaSilva's motion to reopen acknowledges Grayson but concludes that amendment would be futile because the action was barred by the statute of limitations. This decision is problematic in light of the procedural history of the case. The District Court's dismissal of the complaint was a sua sponte decision under section 1915(e). Although the City raised the statute of limitations in its motion to dismiss, the motion was dismissed as moot. Thus, DaSilva had no viable opportunity to respond to the City's statute of limitations arguments given that the case already had been dismissed. Indeed, the District Court ordered that DaSilva's response to the City's mooted motion to dismiss be struck from the record.

The statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). This Court has not addressed the issue in a precedential decision, but other courts have held that, while the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under section 1915(e) on this basis when the defense is obvious from the complaint and no development of the factual record is required. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). In this case, the District Court determined that DaSilva missed the applicable two-year deadline for filing suit by little more than one month. The record reflects that DaSilva signed the complaint on June 20, 2009--a date within the limitations period used by the District Court--but that the

of Rules 15(c) and 4(m) for any amendment to "relate back" under Rule 15(c). We have rejected the argument that we lack jurisdiction to review the District Court's September 30, 2009 order, and thus, we reject the City's arguments that we should view the case only through a post-judgment lens.

6

complaint was not "filed" until after the District Court issued its August 11, 2009 order granting DaSilva's IFP application and directing the complaint to be filed. However, the record as it now exists for our review does not show when the complaint was actually submitted to the clerk for filing. See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 and n.8 (statute of limitations is met when a complaint is "submitted" to the clerk before the statute runs; formal filing of the complaint relates back to the date of submission); McDowell v. Delaware, 88 F.3d 188, 191 (3d Cir. 1996) (complaint is deemed constructively filed as of the date the clerk received the complaint, even if it is not formally filed until the fee requirement is ultimately met). While the IFP application bears a prison certification date of July 17, 2009, the complaint bears no other date than the date on which it was signed, June 20, 2009. Although it may be that the IFP application and complaint were submitted to the clerk on the same date, the record as it stands is not conclusive on this point.

In addition, although the District Court rejected an anticipated possible equitable tolling argument based on the prison's delay in certifying DaSilva's account balance, we are not bound by the not precedential decision in Lyons. Moreover, notwithstanding Lyons, DaSilva might well have another equitable tolling argument that he had no opportunity to present.[3] We conclude that it is not "patently clear" from the record before

---

[3] We note that, in a document filed with the District Court on March 1, 2010 as well as in his informal brief in our Court, DaSilva indicated that he was abandoned by his attorney about seventeen months after the incident occurred. This may also provide a

7

us that the District Court's <u>sua</u> <u>sponte</u> dismissal and denial of reopening were justified on the statute of limitations basis. <u>See</u> <u>Fogle</u>, 435 F.3d at 1258-59 (<u>sua</u> <u>sponte</u> dismissal on statute of limitations grounds would not be appropriate where it is not patently clear that equitable tolling would not apply).

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.

---

basis for tolling the statute of limitations. <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001) (remanding so that district court could conduct a hearing to determine whether plaintiff-appellant was entitled to equitable tolling based on attorney abandonment). Additionally, it may be appropriate to toll the statute of limitations for the period during which DaSilva was exhausting his prison remedies, though we do not decide that issue today. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Rivera</u>, 272 F.3d 519, 522 (7th Cir. 2001) (ordinarily, administrative grievance process tolls the statute of limitations for a § 1983 action).