**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1973
_____

SEAN PRESSLEY,
                          Appellant

v.

C.O.I. ADAM HUBER; UNIT MGR. ROBERT MARSH;
GRIEV. COOR. IAN TAGGART; SECRETARY PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; SUPT. DONALD KELCHNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:08-cv-00450)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: April 4, 2014)
_____

OPINION
_____

PER CURIAM

Sean Pressley, proceeding pro se, appeals from the District Court's orders granting

in part and denying in part the defendants' motion to dismiss and granting defendant

Huber's motion for summary judgment.  For the following reasons, we will affirm.

I.

In March 2008, Pressley, a Pennsylvania inmate, filed a complaint pursuant to 42 U.S.C. § 1983 against prison officials at SCI Camp Hill, alleging that they had deprived him of personal property, retaliated against him for filing grievances, and denied him access to the courts. Many of his allegations arose from his lawsuit filed in Pressley v. Horn, W.D. Pa. Civ. No. 2:99-cv-01956. In April 2004, Pressley appealed the District Court's adverse judgment in Pressley v. Horn to this Court. See Pressley v. Horn, No. 04-2150. Prior to filing his appeal, Pressley was transferred to SCI Camp Hill, where he was in possession of excess legal material.[1]

In January 2005, Huber was provided with a list of Pressley's open and closed litigation actions because Pressley was in possession of excess legal material. This list noted that Pressley's appeal in Pressley v. Horn had been closed. However, this appeal was not closed for failure to prosecute until November 2006. See Pressley v. Horn, No. 04-2150 (order entered Nov. 20, 2006). Huber confiscated Pressley's materials related to Pressley v. Horn, and they were subsequently destroyed in May 2005. Huber also confiscated and destroyed materials related to Pressley's other closed actions.

The District Court granted in part and denied in part the defendants' motion to dismiss. Specifically, the District Court dismissed Pressley's retaliation and deprivation of property claims against Huber as barred by the statute of limitations and dismissed his claims as to all defendants except Huber for lack of personal involvement. Following

_____

[1] The Pennsylvania Department of Corrections permits inmate to store a maximum of five boxes of active or open legal materials after receiving permission from the institution's superintendent.

discovery, Huber and Pressley filed cross motions for summary judgment. The District Court granted Huber's motion after determining that Pressley had failed to exhaust administrative remedies for his access to the courts claim. This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over both the District Court's dismissal order and the order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

III.

A.    **Defendants' Motion to Dismiss**

The District Court granted the defendants' motion to dismiss as to defendants Marsh, Taggart, Kelchner, and Beard after determining that Pressley had failed to allege

3

personal involvement by those defendants. It is well settled that liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). However, a supervisor may be held individually liable if his failure to properly train a subordinate employee caused a deprivation of the plaintiff's constitutional rights. See Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). To establish liability, a plaintiff must demonstrate that the defendant's failure to train amounted to "deliberate indifference" and that such failure to train was closely related to the plaintiff's injury. City of Canton v. Harris, 489 U.S. 378, 389, 391 (1989). Here, however, Pressley provided no allegations in his complaint which implicate the type of deliberate indifference required for § 1983 liability.

We further agree with the District Court's dismissal of Pressley's claim that Huber denied him due process by depriving him of his property.[2] Intentional and negligent deprivations of property do not violate due process if meaningful post-deprivation remedies for the loss are available. Daniels v. Williams, 474 U.S. 327, 328 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pressley had adequate remedies in both

---

[2] Although the District Court dismissed this claim after determining that it was time-barred, we may affirm on any basis supported by the record. See Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003).

4

state tort law and the prison grievance process.[3] See 42 Pa. Cons. Stat Ann. § 8522(a), (b)(3) (common law action for conversion); Tillman v. Lebanon Cnty. Corr. Facility, 221F.3d 410, 422 (3d Cir. 2000). Accordingly, he failed to state a claim upon which relief could be granted.

The District Court also granted the defendants' motion to dismiss as to Pressley's retaliation claim against defendant Huber, noting that it was barred by the applicable two-year limitations period found in 42 Pa. Cons. Stat. § 5524(2). See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d Cir. 1985). Though this Court has not spoken on the issue, several courts of appeals have held that, because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions should be tolled while a prisoner exhausts. See Gonzalez v. Hasty, 651 F.3d 318, 323-24 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000).

We will therefore examine whether the statute of limitations bars Pressley's retaliation claim. Under federal law, a § 1983 claim accrues "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007) (internal quotation omitted). In his complaint, Pressley alleges that he completed the

---

[3] To the extent Pressley was provided with pre-deprivation notice of the confiscation and destruction of his files, such notice would appear to provide an adequate safeguard. See Zinermon v. Burch, 494 U.S. 113, 132-33 (1990). In any event, as discussed *infra*, Pressley can show, at most, that Huber's conduct was negligent.

5

grievance process for all his claims, but he does not state when this process was completed. The defendants argue that Pressley did not complete the grievance process because he failed to submit required documentation at the final stage of the process. In response, Pressley asserts that he was unable to submit supporting documents because the documentation that he was required to submit with his final appeal was seized from his cell by prison officials. Administrative remedies can be rendered unavailable when "prison officials prevent a prisoner from 'utiliz[ing]'" them. Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

The record contains a grievance from March 23, 2005 that focuses on the destruction of his files. It contains no assertion that the destruction was retaliatory. Even if we construed this grievance to also raise a retaliation claim, his claim would be time-barred. As the District Court observed, the Complaint was filed on March 10, 2008 and therefore the statute of limitations covered activity back to March 10, 2006. District Court Op. at 5. Pressley received a final disposition of his March 23, 2005 grievance on May 20, 2005. See Exhibits 24, 25 attached to Plaintiff's opposition to summary judgment. If the grievance and appeal periods operate to toll any statute of limitation, the tolled statute of limitations period would have expired no later than May 20, 2007. His March 2008 Complaint, therefore, was untimely. [4]

_____

[4] The record also discloses a second grievance filed on August 25, 2005, in which Pressley mentions in the fact section of his brief but does not rely upon in his discussion about exhaustion. The absence of any reference to August 25, 2005 grievance in his exhaustion discussion reflects a concession that it was not fully exhausted and thus, any claim based upon it was properly dismissed.

6

**B.    Defendant Huber's Motion for Summary Judgment**

The District Court properly granted summary judgment for Huber as to Pressley's access to the courts claim.[5] Prisoners have a right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). However, the Due Process Clause does not afford prisoners a remedy for negligent governmental acts. See Daniels v. Williams, 474 U.S. 327, 335-36 (1986). No constitutional violation occurs when a prisoner's access to the courts is impeded by mere negligence. Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005); Snyder v. Nolen, 380 F.3d 279, 291 n.11 (7th Cir. 2004); Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995); see also Gibson v. Superintendent of N.J. Dep't Law & Pub. Safety Div., 411 F.3d 427, 445 (3d Cir. 2005), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010) (determining that there was no denial of access to the courts where plaintiff could not establish that officials had acted "wrongfully and intentionally").

The record reflects that Pressley did not provide any evidence to demonstrate that Huber intentionally or deliberately destroyed his litigation files related to Pressley v. Horn. Instead, the record establishes that Huber received a list of Pressley's open and closed actions and relied on the list to confiscate documents and materials relating to those actions marked as closed. Huber provided Pressley with confiscation slips for these items. While these confiscation slips did not describe these items in great detail, one slip indicates that materials for case number 04-2150 were confiscated. As noted above, 04-

_____

[5] Again, although the District Court granted summary judgment after determining that Pressley had failed to exhaust his administrative remedies, we may affirm on any basis supported by the record. See Brown, 318 F.3d at 475 n.1.

2150 was the appellate case number assigned to Pressley's appeal in <u>Pressley v. Horn</u>. In April 2005, Pressley received notice that he had an opportunity to either destroy or ship the items that had been confiscated; however, he refused to sign this notice. In May 2005, the items confiscated, including Pressley's files for <u>Pressley v. Horn</u>, were destroyed. At no time before then did Pressley or another individual inform Huber that <u>Pressley v. Horn</u> was an active appeal. As Pressley can show, at most, that Huber's conduct was negligent, the District Court properly granted summary judgment.

IV.

For the foregoing reasons, we will affirm the orders of the District Court granting the motions to dismiss and for summary judgment.