HAMILTON, Circuit Judge,
concurring in the judgment.
I agree with my colleagues that we must reverse the dismissal of this case, but my reasons have more to do with federal civil procedure than with the interpretation of glucose tests and the treatment of diabetes and its precursors. In my view, the critical fact here is that the district court dismissed Nally’s pro se complaint at the screening stage for in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2). A proper liberal construction of that complaint allows room for Nally’s claims to be timely, a conclusion that defendants can then test in district court after remand.
In the screening review, the district court ordered Nally to show cause why his complaint should not be dismissed as untimely. His response focused on tolling the statute of limitations while he was pursuing the prison’s grievance procedure, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a); Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir.2001). Nally also pointed out that he had not discovered until April 2011 that the defendants had long known of his serious medical condition and had refused or failed to provide appropriate care. Critically, Nally alleged he had not understood until he saw his medical file in April 2011 the significance of the earlier test results. That much was also evident from his complaint, and at this stage of the case, we must accept his allegations as true.
In dismissing the case, the district court erred by construing the complaint too narrowly, apparently assuming that Nally knew well before April 2011 that the defendants had (allegedly) failed to provide appropriate care. Especially at the screening stage under § 1915(e)(2), it is important to construe the pro se complaint liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (summarily reversing dismissal); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir.1998). If Nally’s claims did not accrue until April 2011 and if he then pursued the prison grievance procedure for several months, then his complaint would have been timely. It should not have been dismissed at the screening stage under § 1915(e)(2).
Anything we say today on the merits or timeliness should be taken with a grain of salt. We have before us only Nally’s complaint and his response to the district court’s order to show cause. Defendants have not even been served with process. They have not participated in this appeal. They will have every opportunity to be heard on all issues in the district court.