**BLD-357**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2138
_____

KIM LEE MILLBROOK,
                    Appellant

v.

UNITED STATES OF AMERICA; WARDEN BLEDSOE;
LT.  FOSNOT, S.I.S.; HEMPHILL, P.A.;
WALLS, Paramedic; HAWK, Correctional Officer;
UNKNOWN CORRECTIONAL OFFICER, Security Guard;
EDINGER, Counselor; REAR, Assistant Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00421)
Magistrate Judge:  Honorable Karoline Mehalchick

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 21, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 27, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kim Lee Millbrook appeals from the judgment of the United States District Court for the Middle District of Pennsylvania. We will summarily affirm.

I.

In March 2012, Millbrook, a prisoner confined at USP-Lewisburg, filed a combined action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. The United States of America and the following eight employees at USP-Lewisburg are named as defendants: Warden Bledsoe; Assistant Warden Rear; Special Investigative Services (SIS) Lieutenant Fosnot; Physician Assistant (PA) Hemphill; Paramedic Walls; Counselor Edinger; Correctional Officer Hawk; and Correctional Officer John Doe.

In his complaint, Millbrook alleges the following: He has post-traumatic stress and bipolar disorder and, prior to being transferred to USP-Lewisburg, he was sexually assaulted by two correctional officers at USP-Terre Haute. After his arrival at USP-Lewisburg, he was housed in the Special Management Unit (SMU), where he was interviewed by two non-defendant prison officials, Captain Trate and SIS Perrin. He explained to Trate and Perrin that he needed to be placed in protective custody, but was told that there was no protective custody in the SMU. Thereafter, Millbrook was assaulted by an unidentified cellmate on March 1, 2010, and was sexually assaulted by Counselor Edinger and two unidentified correctional officers in the basement of the SMU

2

on or about March 5, 2010.  He was again assaulted by a USP-Lewisburg prisoner on or about November 12, 2010, at the instigation of Correctional Officers Hess and Ross; Assistant Warden Rear witnessed the assault.

On or about the afternoon of May 12, 2011, Millbrook was physically attacked by his cell mate, Pettus.  Both he and Pettus had previously notified prison staff, including Counselor Edinger, that they were not getting along.  Counselor Edinger responded that he would not separate the cell mates, that he didn't care if they fought one another, and that the prison had an "either fight or go in restraints" policy.  Counselor Edinger told him that he would either kill him or have him killed for being a snitch.

Millbrook next alleges that Paramedic Walls and an unidentified correctional officer physically and sexually assaulted him while performing a strip search in the SMU shower immediately following the May 12, 2011 incident.  The officials grabbed and pulled his penis and tightly applied hand restraints.  Officer Hawk subsequently denied his request for medical treatment and failed to take any action in response to his allegations of physical and sexual abuse; and PA Hemphill, Warden Bledsoe, Assistant Warden Rear, and Lieutenant Fosnot failed to take appropriate action with respect to the misconduct of Officers Walls and Hawk.

Millbrook seeks relief under <u>Bivens</u> with regard to all allegations, and relief under the FTCA for the May 12, 2011 sexual assault by Paramedic Walls.  Millbrook also

requests punitive and compensatory damages.[1]

In April 2013, the defendants filed a motion to dismiss and for summary judgment. The District Court granted summary judgment in favor of the individual defendants with regard to all Bivens claims, but permitted the FTCA claim against the Government to continue.[2] Millbrook was appointed counsel, and the parties consented to proceed before a Magistrate Judge for trial.

Following a non-jury trial, the Magistrate Judge determined that Millbrook had failed to prove by a preponderance of the evidence that Officer Frederick[3] acted negligently in failing to respond to the alleged sexual assault on Millbrook by Paramedic Walls because there was insufficient evidence that any such assault occurred. Nor was there sufficient evidence that Paramedic Walls exceeded the bounds of privileged contact required to undertake a medical assessment.[4] Millbrook appeals.

---

[1] Simultaneously with his complaint, Millbrook filed a motion for preliminary injunctive relief, requesting placement in protective custody and/or placement in a single cell. The District Court denied relief on February 13, 2013, concluding that Millbrook had not "sufficiently shown that there is a likelihood that he will prevail on the merits," and that he had "equally failed to demonstrate a likelihood that he will suffer irreparable harm if not granted immediate relief."

[2] Because the defendant's motion was supported by evidentiary materials outside the pleadings, the District Court treated their motion as seeking summary judgment. See Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

[3] Officer Frederick was initially listed as Correctional Officer John Doe in Millbrook's complaint, but was identified prior to trial.

[4] Following the non-jury trial but prior to the entry of final judgment, Millbrook filed a letter with the District Court seeking a new trial pursuant to Federal Rule of Civil

4

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Millbrook has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over a district court order for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

---

Procedure 60(b). The District Court denied the motion as meritless, but without prejudice to Millbrook's renewing his motion for a new trial after the final judgment had been entered. Millbrook did not renew his motion.

We address matters that are relatively straightforward first. We agree with the District Court that PA Hemphill is entitled to statutory immunity with respect to Millbrook's claim that following the altercation with inmate Pettus, PA Hemphill examined him but acted with deliberate indifference to his need for medical treatment and failed to report the sexual assault. Under the Public Health Service Act, 42 U.S.C. § 233(a), members of the Public Health Service are absolutely immune from suit in a Bivens action if the injury for which compensation is sought is the result of a medical or related function while acting within the scope of the member's employment. See Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).[5] It is undisputed that PA Hemphill is a commissioned officer of the Public Health Service, and that the claims against him are based on actions he took while acting within the scope of his employment.[6]

With regard to defendants Warden Bledsoe, Counselor Edinger, PA Hemphill, Paramedic Walls, Lieutenant Fosnot, and Officer Hawk, Millbrook has failed to allege that they were personally involved in the March 1, 2010 and November 12, 2010 incidents. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding each

---

[5] The Federal Tort Claims Act is the exclusive remedy for specified actions against members of the Public Health Service. See 42 U.S.C. § 233(a).

[6] The District Court properly dismissed defendant unknown correctional officer from the Bivens portion of this action because Millbrook had failed to provide the District Court with the identity of the John/Jane Doe defendant despite having initiated the action some two years prior. See Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998) ("The law is clear that '[f]ictitious parties must eventually be dismissed, if discovery yields no identity.'").

6

named defendant must be shown to have been personally involved in events which underlie claims). Millbrook states that before the March 1, 2010 incident, he told Captain Trate and SIS Perrin that he needed to be placed in protective custody, but they are not named defendants.[7] Similarly, although Millbrook claims that the November 12, 2010 attack was "set-up" by Officers Hess and Ross and witnessed by Assistant Warden Rear, Officers Hess and Ross are not named defendants in this action.

Concerning Warden Bledsoe, Millbrook alleges only that he told Bledsoe on May 12, 2011, that he had been assaulted by prison staff and that Bledsoe failed to take any action. Millbrook also asserts a claim of supervisory liability against Bledsoe. While Bledsoe was clearly employed in a supervisory capacity at USP-Lewisburg, Millbrook has not alleged that Bledsoe directed or condoned any violations of Millbrook's constitutional rights. As a result, Bledsoe was entitled to summary judgment on this claim. See Rode, 845 at 1207.[8]

IV.

---

[7] Millbrook also alleges that he was sexually assaulted by Counselor Edinger and two non-defendants on March 5, 2010, in the basement of the SMU. We agree with the District Court that this allegation adequately alleges personal involvement by Counselor Edinger. However, the District Court subsequently joined this Bivens claim against Counselor Edinger to an FTCA case that Millbrook had previously filed because the pending claim against Counselor Edinger stems from the same incident underlying Millbrook's FTCA action, and the surviving FTCA claim in this matter is unrelated.

[8] Summary judgment is likewise appropriate with respect to any claims against Bledsoe based on his responses or non-responses to any administrative grievances or complaints.

The Prison Litigation Reform Act (PLRA) prohibits an inmate from bringing a civil rights suit alleging unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The defendants concede that Millbrook properly exhausted his administrative remedies regarding "his [Bivens] claims relative to the March and November incidents," as well as an administrative tort claim regarding the May 2011 incident. However, they argue that Millbrook did not administratively exhaust his Bivens failure to protect, deliberate indifference, and retaliation claims related to the events of May 12, 2011.

Defendants submitted a declaration by USP-Lewisburg Attorney Advisor Michael Romano which states that, based on a review of the BOP's computerized records, Millbrook initiated three requests for administrative relief. However, none of the filings mentioned the May 2011 allegations. Millbrook acknowledges that he failed to exhaust these Bivens claims but asserts that he was hindered from filing administrative grievances by prison officials. We agree with the District Court that Millbrook's contention is belied by the fact that he was able to exhaust an administrative tort claim stemming from the same May 2011 incident. Accordingly, summary judgment was appropriate with respect to all Bivens claims regarding the May 2011 incident.[9]

_____

[9] We agree with the District Court that, contrary to the defendants' assertions, Millbrook's claims relating to the events of March 1 and March 5, 2010 are not precluded from consideration as being untimely raised under Pennsylvania's two-year statute of limitations as Millbrook would be entitled to tolling of the statute of limitations pending his administrative exhaustion of those claims. See Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000).

Millbrook raises several Bivens claims regarding the November 12, 2010 incident. He alleges that this attack by an unidentified USP-Lewisburg prisoner was organized by Officers Hess and Ross and witnessed by Assistant Warden Rear. Because Hess and Ross are not named defendants, we agree with the District Court that "the only viable allegation is that Defendant Rear failed to protect [Millbrook's] safety."

A prison official cannot be found liable under the Eighth Amendment for failure to protect an inmate unless the official subjectively knew of and chose to disregard a substantial risk of serious harm to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, negligence is insufficient to support a claim that prison official failed to protect the inmate. Id. at 835. A correctional officer's failure to intervene when a prisoner is being physically assaulted by another prison official can be the basis of liability for an Eighth Amendment violation "if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." See Smith v. Mensinger, 293 F3d. 641, 650-51 (3d Cir. 2002). Here, Millbrook failed to provide sufficient facts regarding the event, such as the identity of his assailant or the exact date of the incident.[10] Nor does he offer any facts which could support a claim that Assistant

---

[10] In his opposing summary judgment brief, he asserts for the first time that the sexual assault Assistant Warden Rear witnessed actually occurred in September 2010.

Warden Rear had a reasonable opportunity to protect him, but failed to take any action. As a result, summary judgment was properly granted for this claim.

VI.

We now turn to Millbrook's remaining FTCA claim which proceeded to trial. Millbrook alleges that, following the May 2011 altercation with inmate Pettus, Paramedic Walls and Correctional Officer Frederick removed Millbrook to the third floor shower area for a medical assessment. Millbrook claims Paramedic Walls committed battery by removing his boxer shorts, grabbing his penis, and pulling on it; and Officer Frederick was negligent for failing to respond to the alleged assault.

We exercise plenary review over the District Court's legal conclusions, and review the District Court's factual findings for clear error. Lansing v. Se. Pa. Transp. Auth., 308 F.3d 286, 290 (3d Cir. 2002). Under Pennsylvania law, an individual commits a battery when he or she intentionally causes a harmful or offensive contact with another person's body. Cooper v. Lankenau Hosp., 51 A.3d 183, 191–92 (Pa. 2012). However, the incidental and necessary touchings by correctional officers of inmates in the performance of their duties are not batteries, but are privileged contacts. See Restatement (Second) of Torts's 132, Comment b (1965). In order to establish a claim of negligence, Pennsylvania law requires the following four elements to be satisfied: "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss of damage resulting to the plaintiff." Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006).

Here, the District Court found that, as part of the prison investigation, PA Hemphill had conducted a medical assessment of Millbrook on May 13, 2011, and found no signs of bruising or injury to his penis. The District Court also found the Government's theory – that Millbrook has a long history of bringing sexual assault allegations against other BOP staff members and inmates as a way to potentially manipulate his cell assignments – to be a credible explanation for why Millbrook would have a motive to falsely allege that he was sexually assaulted by Paramedic Walls, particularly in light of the fact that Millbrook admitted at trial that he often refuses new cellmates. Moreover, Millbrook has failed to produce any evidence, aside from his own testimony, that the incident ever occurred, much less that he sustained injury to his genitals. Accordingly, we find no clear error in the District Court's conclusion that Millbrook failed to prove by a preponderance of evidence that Paramedic Walls had committed the intentional tort of battery by allegedly grabbing and pulling on Millbrook's genitals or that Officer Frederick acted negligently in failing to respond to the alleged sexual assault.

## VII.

We conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the judgment of the District Court. Millbrook's motion for appointment of counsel is denied.

11