UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2006
Decided November 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2099

| | |
|---|---|
| ANIBAL SANTIAGO, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Southern District of Illinois |
| *v.* | No. 02-1060-GPM |
| DONALD SNYDER, et al., <br> *Defendants-Appellees.* | G. Patrick Murphy, <br> *Chief Judge.* |

**O R D E R**

Illinois state prisoner Anibal Santiago was charged with conspiring to assault prison personnel and transferred to a super-maximum security facility, Tamms Correctional Center, during the resolution of those charges. Santiago sued under 42 U.S.C. § 1983, alleging that his transfer was a form of retaliation for his prior grievances and his wife's outspoken criticism of the Illinois prison system. Santiago, however, waited eight months after his transfer before he pursued administrative remedies, and an additional twenty-three months passed between the time he exhausted those remedies and filed this suit. The district court granted summary judgment for the defendants because Santiago failed to bring this suit within the applicable two-year statute of limitations in Illinois. On appeal, Santiago argues that the statute of limitations should have been tolled during the eight months that he tried to resolve his grievances informally before initiating

administrative proceedings. Because only formal exhaustion can toll the statute of limitations, we affirm the judgment of the district court.

Before being transferred to Tamms, Santiago was serving out his sentence at Menard Correctional Center. While at Menard, Santiago was informed in July 1999 that he was charged with conspiracy to assault prison personnel and participation in other gang activity. In a letter he responded to the charges, insisting upon his innocence and stating that the behavior for which he was charged was nothing more than group prayer with fellow inmates in the exercise yard. He also alluded to retaliation: "I have filed specific grievances, which is no reason for any reprisals to be taken against me."

On August 4, Santiago was transferred to Tamms, where disciplinary proceedings were held on his conspiracy charges. During these proceedings he presented evidence to the adjustment committee in his defense. He also wrote separately to two deputy directors of the prison system asserting that both the charges against him and his transfer to Tamms were retaliatory. A third deputy director responded to his letters by noting that Santiago's disciplinary procedures were still unresolved. Eventually, in November 1999 the adjustment committee at Tamms found Santiago guilty of the conspiracy charges.

In April 2000 – eight months after his transfer to Tamms – Santiago filed a formal grievance challenging his transfer to Tamms and the adjustment committee's decision. Eventually he exhausted his administrative remedies, and 23 months later, in October 2002, he filed this case.

Santiago argues that the district court should have tolled the statute of limitations controlling his § 1983 action not only during the time period that he exhausted formal administrative procedures (April - November 2000) but also during the prior eight months during which he pursued informal means of resolving his grievance. Santiago argues that his letters to prison officials and his defense at his disciplinary proceedings substantively resembled formal grievance procedures, and as such, satisfy the purposes of exhaustion, making them the type of actions for which the limitations period should be tolled.

The statute of limitations, however, is tolled only while the plaintiff seeks to exhaust his administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). We have taken a "strict compliance approach" to what qualifies as exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The prisoner must follow formal procedures in the place and at the time that the prison's administrative rules require. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *see also* 20 Ill. Adm. Code §§ 504.80, 504.810 (outlining grievance procedure for offenders). Because exhaustion requires compliance with the prison's

administrative procedures, the prisoner can exhaust his administrative remedies only through the completion of such procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002); *see Dole*, 438 F.3d at 809; *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *McCoy v. Gilbert*, 270 F.3d 503, 510 (7th Cir. 2002). Santiago, however, did not comply with formal grievance procedures, and thus the district court was correct not to toll the limitations period.

Santiago also argues that the statute of limitations should have been tolled because its purpose is to ensure that defendants have notice of pending claims, and here he apprised the prison of his claims through his letters to prison officials and his defense before the adjustment committee. But tolling in the prison context serves to prevent prisoners' suits from becoming untimely while the prisoners pursue mandatory administrative procedures. *Johnson*, 272 F.3d at 522. Because Santiago eschewed these mandatory procedures, tolling is not available to him. *See Pozo*, 286 F.3d at 1023.

Santiago next argues that the plain language of the Illinois tolling statute, 735 ILCS 5/13-216, requires that the statute of limitations be tolled from the time of his alleged injury until the time when he exhausted administrative remedies. Section 13-216 tolls the statute of limitations when a claim is "statutorily prohibited," and the Prison Litigation Reform Act prohibits prisoners from filing suit under § 1983 unless they first exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a). But this is the same statutory language that we considered in *Johnson*, in which we held that the statute is tolled only while the prisoner exhausts his administrative remedies. 272 F.3d at 522. Santiago identifies no authority or reason to disturb our interpretation of the statute in *Johnson*.

Santiago next asserts that he was confused about the grievance procedures and thought that he had to complete his disciplinary proceedings for the conspiracy charges before he could formally grieve his transfer. But Santiago's transfer was a distinct occurrence and injury, separate from the outcome of the disciplinary proceedings, and he should have grieved it immediately. *Cannon*, 418 F.3d at 718 (the statute of limitations begins to run at the time an injury is discovered). Furthermore, to the extent he attributes his confusion to the letter from the deputy director, that letter did not suggest anything about the grievance procedures he should pursue, and it should not have been the cause of any confusion.

Finally, Santiago for the first time raises three additional arguments: 1) that his claims were not ripe until after he exhausted administrative remedies and so the statute of limitations should begin to run at that time; 2) that an Illinois statute provided him with a year to refile this case after his dismissal from another lawsuit of identical subject matter; and 3) that the statute of limitations should be equitably tolled. By not raising these arguments in the district court, Santiago has forfeited

them.  *See, e.g., Witte v. Wis. Dep't. of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006); *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 684 n.2 (7th Cir. 2005).

The judgment of the district court is AFFIRMED.