NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 17, 2007*
Decided April 19, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| No. 05-3204 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CHARLES HATCH, *Plaintiff-Appellant*, | |
| *v.* | |
| KENNETH R. BRILEY, *et al.*, *Defendants-Appellees*. | No. 05 C 3517 John A. Nordberg, *Judge*. |

## Order

For religious reasons, Charles Hatch refuses to cut his hair. The prison system of Illinois, where Hatch is confined, regulates the length of prisoners' hair. On October 2, 2002, guards at Stateville Correctional Center cut off Hatch's dreadlocks. He contends in this action under 42 U.S.C. §1983 that they used excessive force in doing so and failed to provide medical treatment for the injuries they inflicted—and that by cutting his hair at all they violated the Constitution's first amendment, applied to the states by the fourteenth.

---

* The district court dismissed the complaint before defendants were served with process, and they have elected not to participate in the appeal. At this court's request, the Attorney General of Illinois filed a brief as *amicus curiae* in support of the district court's decision. After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Hatch filed his complaint on June 10, 2005, and the district court dismissed it on screening under 28 U.S.C. §1915(e)(2)(B)(ii) because it is untimely. The district judge noted that the time limit for §1983 actions in Illinois is two years and observed that Hatch concedes taking more than that.

The district court did not discuss the significance of Hatch's grievance within the prison system. Because 42 U.S.C. §1997e(a) makes exhaustion of administrative remedies a condition to prisoners' litigation under §1983, we held in *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), that the statute of limitations is tolled while prisoners pursue these remedies.

Hatch tells us that he filed a grievance on October 28, 2002, and that the prison system did not finally resolve it until June 11, 2003. Hatch filed his complaint one day short of two years later and maintains that it is therefore timely. But he does not reckon with the 26 days that passed between the events of which he complains and the initiation of the grievance process. *Johnson* is a tolling rule; it does not delay the claim's accrual. A claim accrues when the victim knows (or should know) that he has been injured. See *Behavioral Institute v. Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). For Hatch, that was October 2, 2002. The clock stopped on October 28 and restarted on June 11, 2003. The complaint filed on June 10, 2005, is therefore 25 days late and was properly dismissed.

The district court stated that this suit counts as one of the three "strikes" allowed to prisoners who seek to litigate *in forma pauperis*. See 28 U.S.C. §1915(g): "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The district judge did not classify the suit as frivolous or malicious but apparently believed that the complaint fails to state a claim on which relief may be granted. That does not, however, correspond to the ground on which the case has been decided. The statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003). Complaints need not anticipate or plead around affirmative defenses.

Hatch's complaint states recognized legal claims. He lost not because the complaint failed to state a claim but because he did not sue in time. Consequently, neither the suit nor the appeal counts against the limit in §1915(g).

AFFIRMED