NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 17, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2485

|  |  |
|---|---|
| | Appeal from the |
| CLARENCE GIVENS, | United States District Court for the |
| *Plaintiff-Appellant*, | Western District of Wisconsin. |
| | |
| *v.* | No. 13-cv-848-wmc |
| | |
| KENNETH LUEDTKE, et al., | William M. Conley, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Clarence Givens, a Wisconsin prisoner, appeals from the dismissal of his civil-rights suit against a prison dentist and two administrators in the prison's health-

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

services unit. He alleges that the defendants unconstitutionally delayed dental care for two months from January 2007 to March 2007, in violation of the Eighth Amendment. Because Givens's suit is untimely, we affirm.

For the purpose of this appeal, we assume the truth of the facts alleged in Givens's complaint and any consistent elaboration of those facts in his appellate brief. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). After prison dentist Kenneth Luedtke performed a root canal on one of Givens's teeth on January 19, 2007, Givens sought additional care. The next week he again saw Luedtke, who evaluated a lesion on the roof of Givens's mouth and told him that he needed to see an oral surgeon for it. Three days later Givens requested emergency dental services with Luedtke for his mouth pain, and the next day Luedtke prescribed anti-inflammatories for Givens. Three days after that, Givens sent another emergency request to Luedtke, reporting that he was still in extreme pain. A week later, Luedtke extracted Givens's problematic tooth and noted that the lesion in Givens's mouth was healing. After a few more days, Givens filed with Luedtke yet another emergency request for treatment, this time stating that another "knot" had formed in his mouth and was causing pain. He also reminded Luedtke that he needed to send Givens to an oral surgeon to treat his mouth lesion.

Givens's mouth was not examined again until a month later. At that time (March 8, 2007), a bone was protruding through a hole in his mouth and was gushing pus and blood. Five days after this injury, Givens saw an ear, nose, and throat doctor at Waupun Memorial Hospital. The specialist was unable to diagnose Givens's condition immediately. Two weeks later Givens saw another specialist who performed a biopsy and stated that the injury was likely caused by osteomyelitis, a bone infection, *see* OSTEOMYELITIS, MAYO CLINIC, http://www.mayoclinic.org/diseases-conditions/ osteomyelitis/basics/definition/con-20025518 (last visited Dec. 1, 2014), for which Givens was prescribed penicillin. This diagnosis was later confirmed. Almost two years later, in January 2009, another dentist told Givens that Dr. Luedtke caused the bone infection by using unsanitary tools during the root canal.

As a prelude to this federal lawsuit, Givens filed an administrative "inmate complaint." He asserted first that Dr. Luedtke caused the bone infection and second that Givens experienced severe, unnecessary pain because medical staff did not immediately send him to an oral surgeon in January 2007. The complaint was dismissed 172 days later; Givens then filed what he calls a second complaint (it may have been an

administrative appeal, but we don't know because it is not attached), which was resolved against him 67 days later.

Six years and eight months after the injury of March 8, 2007, Givens placed in the prison mail system on November 7, 2013, this lawsuit under 42 U.S.C. § 1983 alleging Eighth Amendment violations. The complaint asserts, first, that Dr. Luedtke is liable for the bone infection and, second, that he and other medical staff are liable for unjustifiably delaying from January to March of 2007 referral to an oral surgeon. Givens pursues only this second claim on appeal.

The district court screened the complaint and dismissed Givens's suit with prejudice. *See* 28 U.S.C. § 1915A. The court concluded that both claims were barred by Wisconsin's six-year statute of limitations applicable to § 1983 actions, and alternatively, that Dr. Luedtke was not deliberately indifferent to Givens's dental needs.

On appeal Givens maintains that the defendants unconstitutionally delayed treating his mouth for two months in January 2007. He insists that his claim is timely for two reasons. First, he contends that under *Devbrow v. Kalu*, 705 F.3d 765, 769–70 (7th Cir. 2013), his claim did not accrue until he learned in January 2009 that Luedtke mishandled the root canal in January 2007. Second, he argues that the statute of limitations was tolled while he exhausted administrative remedies over a total of 239 days.

We begin by addressing when Givens's claim accrued. His claim accrued when he "kn[e]w[] of his physical injury and its cause … even if the full extent or severity of the injury is not yet known." *Id.* at 768; *see Wallace v. Kato,* 549 U.S. 384, 388 (2007). As early as January 2007, Givens knew that he had a painful mouth lesion that required a specialist. And by March 8, 2007, Givens knew that he had another serious injury. That is when his mouth was spewing blood and pus, which led (five days later) to the specialist's treatment that Givens had been seeking for the prior two months. *Devbrow* does not alter this accrual analysis. In that case, an inmate alleged that prison doctors delayed treating his prostate cancer because they did not order a biopsy until after the cancer had metastasized. 705 F.3d at 766. We concluded that his claim could not have accrued until he received his cancer diagnosis because he could not have known of the injury any sooner. *Id.* at 770. But here, by March 8, 2007, Givens knew that his mouth was seriously damaged after a two-month delay of a specialist's treatment.

Givens also knew before March 8, 2007, that Dr. Luedtke and his staff caused the delay in sending him to an oral surgeon to examine his mouth. According to his allegations, in February 2007 he sent to Luedtke his emergency request for treatment. In

it he explicitly faulted Dr. Luedtke for not sending him to an oral surgeon to examine his mouth, as Luedtke himself had suggested in January. Givens replies that he learned only in January 2009 that Dr. Luedtke caused his mouth infection. But this knowledge is irrelevant to his claim that Dr. Luedtke and his staff unconstitutionally delayed sending him to an oral surgeon for two months in January 2007. Givens knew of *that* injury (the two-month delay) and its cause (Dr. Luedtke's disregard of Givens's request for a specialist) by, at the latest, March 8, 2007.

With the accrual date established as March 8, 2007, we turn to whether Givens's claim is timely under Wisconsin's six-year personal rights statute of limitations, *see* WIS. STAT. § 893.53, the residual statute for personal-injury actions, which we have adopted for use in § 1983 actions in that state, *see Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009); *Gray v. Lacke*, 885 F.2d 399, 407–09 (7th Cir. 1989). Six years from March 8, 2007, is March 8, 2013. Givens correctly notes that his claim was tolled while he exhausted administrative remedies. *See* WIS. STAT. § 893.23; *Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001). We will assume that his two administrative complaints were not duplicative and that the second was an internal appeal of the first. But even if we add onto March 8, 2007, the 239 days that Givens asserts was spent exhausting administrative remedies, the limitations period would have expired on November 2, 2013—nine days before Givens placed his complaint in the prison mail system. Thus, as the district court correctly ruled, Givens's claim is time-barred.

AFFIRMED.