NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2015[*]
Decided July 28, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-2470 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| TERRY WAGNER, *Plaintiff-Appellant*, | |
| *v.* | No. 13 C 4477 |
| MARCUS HARDY, *et al.*, *Defendants-Appellees*. | Harry D. Leinenweber, *Judge*. |

### O R D E R

Terry Wagner, an Illinois inmate, appeals from the dismissal of his lawsuit alleging that he was removed from a prison educational program because of a learning disability and in retaliation for using the prison grievance system. The district court, agreeing with the defendants, concluded that Wagner's suit is barred by the two-year statute of limitations governing his claims. We affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Wagner's lawsuit was dismissed on the complaint, so we accept his factual allegations as true for purposes of this appeal. *See Vinson v. Vermilion County, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015); *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 995 (7th Cir. 2014). Wagner is serving a 35-year term of imprisonment. For several years at Stateville Correctional Center, he participated in an educational program taking pre-GED and GED courses. On March 26, 2010, he was told that he no longer could participate in the program. Several weeks later he submitted three grievances asserting that he was removed from the program unlawfully. The first of these grievances, dated April 16, claims that Gale Sessler, the education-program principal, and Diane Coleman, a program teacher, dropped him from the program in violation of federal statutes as well as a prison rule purportedly guaranteeing GED classes for "all offenders who do not have a high school diploma or G.E.D. certificate." A second grievance, dated April 19, accuses principal Sessler of ending his participation in the program because of previous grievances about her dating back to 2008. The grievance adds that both Sessler and Coleman had administered GED practice tests incorrectly. Wagner's third grievance, also dated April 19, repeats the allegations from the first and second grievances but this time directed at teacher Coleman only. On May 27, 2011, the Director of the Illinois Department of Corrections issued a decision agreeing with the Administrative Review Board's ("ARB") conclusion (and the warden's earlier determination) that Coleman's "[a]llegations of staff misconduct are not substantiated." Almost four months later, on September 19, 2011, the ARB returned Wagner's third grievance with the explanation that "[t]his office previously addressed this issue" in the May 2011 decision.

Wagner filed this lawsuit—by placing his complaint in the prison mail system—on May 13, 2013, nearly two years after the Director had rejected his first two grievances and 20 months after the ARB had returned the third. Named as defendants are Sessler and Coleman, along with the warden and two other Stateville employees. At screening, *see* 28 U.S.C. § 1915A, the district court concluded that Wagner's complaint states claims under the Rehabilitation Act, *see* 29 U.S.C. § 794,[1] for denial of equal access to educational services, and under 42 U.S.C. § 1983 for retaliation. Later, on the defendants' motion, the court dismissed the action as barred by the two-year statute of

---

[1] The district court concluded that Wagner's complaint also states a claim under the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12132. But the Rehabilitation Act provides at least as much protection to inmates as the ADA, *see Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (characterizing Title II of the ADA and the Rehabilitation Act as "functionally identical"), so we construe Wagner's statutory claims as a single claim under the Rehabilitation Act.

limitations governing claims arising in Illinois under both the Rehabilitation Act and § 1983. *See* 735 ILL. COMP. STAT. 5/13-202; *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (§ 1983); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir. 1993) (Rehabilitation Act). The court acknowledged that the statute of limitations had been tolled while Wagner exhausted his first two grievances. *See* 735 ILL. COMP. STAT. 5/13-216; *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008); *Johnson*, 272 F.3d at 522. Yet, the court reasoned, Wagner had been removed from the GED program three weeks before he submitted those grievances, and then he waited fourteen days shy of two years after the grievances were rejected before filing suit. Thus, the court concluded, more than two years of countable time had elapsed between Wagner's removal from the program and the date he filed suit. Moreover, the court added, Wagner's third grievance, although not resolved until September 2011, could not save his lawsuit because that grievance was returned as "duplicative" of the first two grievances. To conclude that the statute of limitations had been tolled all the way to September, the court explained, would encourage inmates to "keep extending the statute of limitations tolling period by filing duplicate grievances on the same issue."

Before reaching the merits of Wagner's appeal, we note that the defendants contend that our jurisdiction is limited by Rule 3 of the Federal Rules of Appellate Procedure, which requires an appellant to "designate the judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B). The district court had granted the defendants' motion to dismiss on March 26, 2014, but Wagner's notice of appeal designates as the "judgment" a June 6, 2014 order denying a timely motion for reconsideration. According to the defendants, we are limited to reviewing the June 6 order because Wagner did not also designate the district court's March 26 decision. That contention is mistaken; a notice of appeal that designates for review an order denying a motion for reconsideration confers appellate jurisdiction over that decision *and* the underlying decision. *See Taylor v. Brown*, 787 F.3d 851, 856 (7th Cir. 2015); *Borrero v. City of Chicago*, 456 F.3d 698, 700 (7th Cir. 2006).

On the merits Wagner disagrees with the district court about the dates when tolling began and ended. Wagner contends that the statute of limitations was tolled from March 26, 2010, when he learned about his removal from the educational program, until September 19, 2011, when the ARB returned the last of his three grievances. Based on those dates, Wagner continues, he filed his complaint well within the two-year statute of limitations.

We cannot conclude that the district court erred in finding that that the statute of limitations was running until Wagner submitted the first of his grievances, three weeks after his claims accrued. *See Walker*, 526 F.3d at 978. Although Wagner now argues that the statute of limitations was tolled while he pursued *informal* resolution of his dispute with prison officials, which, he asserts, started immediately after he learned of his dismissal from the program, Wagner did not make this argument in the district court, and so he has waived it on appeal. *See Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

Wagner also argues that the statute of limitations should have been tolled until the ARB returned his last grievance on September 19, 2011. But the entirety of Wagner's allegations against principal Sessler and teacher Coleman are contained in the first two grievances, which were resolved by the Director on May 27, 2011. Thus, the limitations period for Wagner's claims expired no later than May 6, 2013, seven days before he placed his complaint in the prison mail system.

Wagner's third grievance does not change this outcome. We agree with the district court that because that grievance is duplicative of the first two, the statute of limitations was tolled only until the first two grievances were resolved. Wagner was required to *properly* exhaust his administrative remedies, *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011), and filing multiple grievances accusing the same individuals of misconduct based on the same underlying facts cannot save Wagner's suit, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

AFFIRMED.