In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 21-2860

DAVID A. SCHLEMM,

*Plaintiff-Appellant*,

*v.*

BRENDAN PIZZALA, JAY VAN LANEN,
and MICHAEL DONOVAN,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:19-cv-00266 — **Nancy Joseph**, *Magistrate Judge*.

———————————

ARGUED JANUARY 25, 2024 — DECIDED MARCH 5, 2024

———————————

Before HAMILTON, BRENNAN, and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. On December 20, 2012, Brendan Pizzala, a correctional officer at Green Bay Correctional Institution, conducted a random search of inmate David Schlemm's cell. During the search, Pizzala found and confiscated a ziplock bag containing sage. At correctional officer Jay Van Lanen's direction, Pizzala consulted with Michael Donovan, the prison chaplain, about the bag to determine if it was

contraband. Donovan thought Schlemm had stolen the sage from the chapel or during a sweat lodge ceremony because it appeared to be the type of sage the Oneida Nations Tribe donated to the chapel. Pizzala then issued a conduct report to Schlemm for theft.

At the subsequent disciplinary hearing, another correctional officer testified that the bag of sage was the same one he gave Schlemm when Schlemm was first transferred to Green Bay. The conduct report was accordingly dismissed, but Schlemm filed complaints against Pizzala, Van Lanen, and Donovan on January 23, 2013, through the Inmate Complaint Review System (ICRS). In the complaints, he listed the "date of incident" as January 17, 2013, and stated that they accused him of theft and wrote the conduct report to retaliate against him for prior complaints he filed through the ICRS.

Schlemm's administrative complaints were denied, and he appealed to the administrative reviewing authority. The reviewing authority affirmed the rejections of his complaints on February 22, 2013, which completed Schlemm's proper exhaustion of the administrative remedies available to him. Having fulfilled the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, Schlemm then sued Pizzala, Van Lanen, and Donovan in federal court on February 19, 2019, alleging First Amendment retaliation.

Wis. Stat. § 893.23 provides that when the requirements of a statutory prohibition must be met before a plaintiff can sue, as with the PLRA's exhaustion requirement, the statute of limitations is tolled for the "time of the continuance" of that prohibition. The district court held that Schlemm failed to properly exhaust administrative remedies and thus did not receive the benefit of tolling under § 893.23. It dismissed

Schlemm's action as time-barred by the then-applicable six-year statute of limitations because he filed his complaint on February 19, 2019, more than six years after the December 20, 2012, search of his cell. Schlemm appealed.[1]

On appeal, Pizzala, Van Lanen, and Donovan abandon their argument that Schlemm's action is time-barred because he improperly exhausted administrative remedies. They now concede proper exhaustion and argue instead that his action is time-barred because § 893.23 does not toll the six-day gap between the accrual of his claim and the filing of his administrative complaints. (Pizzala, Van Lanen, and Donovan broadly construe the accrual date as January 17, 2013—the date on Schlemm's administrative complaints—and Schlemm filed his administrative complaints on January 23, 2013.) Thus, in their view, Schlemm needed to bring his action within six years of February 22, 2013 (when he finished properly exhausting administrative remedies), minus six days. In other words, they argue that he needed to bring his action by February 16, 2019, and was three days late in filing his complaint on February 19, 2019.

We review the district court's dismissal based on the statute of limitations de novo. *Towne v. Donnelly*, 44 F.4th 666, 670 (7th Cir. 2022). As noted above, Appellees have conceded that Schlemm properly exhausted the administrative remedies available to him. Their only argument for dismissal is that the tolling period excludes the gap between the accrual of a prisoner's claim and the filing of his administrative grievance, making Schlemm's action three days late. But they waived this statute of limitations argument. "[A] party waives the

---

[1] We thank Alexis Zhang, Anthony Dick, and the firm of Jones Day for their assistance to Schlemm and to the court on appeal.

ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms." *Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 974 (7th Cir. 2019) (quotation omitted). Appellees raised the general argument below that the statute of limitations bars Schlemm's action, but they did not raise the specific argument that his action is time-barred because the tolling period excludes the six-day gap. Instead, they argued below that the action is time-barred because Schlemm did not properly exhaust his administrative remedies.

Rather than offer a "new twist" "as additional support" for their statute of limitations argument, *United States v. Billups*, 536 F.3d 574, 578 (7th Cir. 2008), Appellees have completely abandoned their improper exhaustion theory, have conceded proper exhaustion, and now solely rely on this new theory based on the six-day gap. They have thus waived their new statute of limitations argument, and this is not the exceptional case in which the waiver has caused no one, including Schlemm and the district court, "any harm of which the law ought to take note." *Allen v. City of Chicago*, 865 F.3d 936, 944 (7th Cir. 2017) (quotation omitted). We therefore decline to consider the argument, reverse the dismissal, and remand for further proceedings.

We pause to acknowledge that our precedent is inconsistent on whether the gap between claim accrual and grievance filing is included in the tolling period. In *Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012), we stated that the relevant Illinois statute of limitations was tolled from the date the prisoner filed his grievance to the date he completed the grievance

process, *id.* at 864. Yet in *Bowers v. Dart*, 1 F.4th 513 (7th Cir. 2021), we assumed that under the Illinois tolling statute, the gap between accrual and the prisoner's grievance filing was included in the tolling period, *id.* at 518. We will need to address this question, but given Appellees' waiver, we leave it for another day.

REVERSED AND REMANDED

HAMILTON, *Circuit Judge*, concurring. I agree with my colleagues that we should reverse and that the defense waived the new theory it has offered on appeal. The new defense theory is also without merit, refuted by the plain language of the governing statute. Explaining why may help clear up some confusion caused by loose language in prior opinions and orders, and it may provide district courts some guidance going forward.

**1. The Merits.** The new defense theory on appeal is that the statute of limitations for plaintiff's claims was running during the six days between the day of the alleged incident, January 17, 2013, and the day he submitted his grievance, January 23, 2013. If that were correct, plaintiff would have filed his federal case three days too late under Wisconsin's statute of limitations.

But here's the language from the governing state tolling statute: "When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." Wis. Stat. § 893.23. All parties here agree that a federal statute, 42 U.S.C. § 1997e(a), prohibited plaintiff from commencing this federal lawsuit until he had exhausted available administrative remedies. The requirement to exhaust administrative remedies in 42 U.S.C. § 1997e(a) is a statutory prohibition that stays the commencement of an action. Under Wisconsin's tolling statute, therefore, the time until the prisoner has exhausted administrative remedies should not count toward the statute of limitations on the prisoner's federal claim under 42 U.S.C. § 1983.

It's not difficult to test plaintiff Schlemm's situation against the language of the state statute. Suppose he had tried

to file this lawsuit on any of the six days in 2013 that the defense argues should count against him to bar this suit: January 17, 18, 19, 20, 21, and 22. On each of those days, § 1997e(a) prohibited him from commencing the suit. Period. In the language of the Wisconsin statute, that means that those days were "not part of the time limited for the commencement of the action." Wis. Stat. § 893.23. Plaintiff's suit was timely.

The issue should be no more complicated than that. The rest of this concurring opinion addresses the defense arguments and tries to untangle the sources of some conflicting dicta and non-precedential orders on this issue.

**2. The Defense Argument.** Defendants have no real answer for the textual argument against their theory. Instead, they cite the Wisconsin Supreme Court's decision in *Colby v. Columbia County*, 202 Wis. 2d 342, 550 N.W.2d 124 (1996). The citation does not help the defendants here. *Colby* arose under the state tort claims act, which required an injured person to file an administrative notice with a local government before filing suit against that government. The principal issue was whether the statute of limitations clock for tort claims was tolled by filing a premature lawsuit, one filed before filing the required administrative notice. That statutory prohibition operates quite differently than the Prison Litigation Reform Act's requirement to exhaust administrative remedies in 42 U.S.C. § 1997e(a).

Plaintiff Colby was injured in a car accident in March 1990. *Colby*, 550 N.W.2d at 126. Colby did not file a notice and claim with the county clerk as required under Wis. Stat. § 893.80(1)(b) (1993–94) until February 24, 1993, less than three weeks before the three-year statute of limitations was set to expire, on March 10, 1993. *Id.* Section 893.80(1)(b)

required plaintiffs alleging tort claims against local governments to wait to file suit until either the county clerk rejected their filed notice of claim or 120 days had passed without action by the clerk's office. The Wisconsin Supreme Court held that filing a premature lawsuit, without having filed the required notice, did not toll the statute of limitations. *Colby*, 550 N.W.2d, at 131; see also *McNeil v. United States*, 508 U.S. 106 (1993) (same result under Federal Tort Claims Act procedures). The state court in *Colby*, however, interpreted the notice requirement in the tort claims act to create, in effect, a three-year-and-120-day statute of limitations for tort claims subject to the 120-day waiting period for filing suit. *Colby*, 550 N.W.2d at 130–31. Colby eventually filed suit properly on August 10, 1993, so his claim was untimely under the 3-year-and-120-day statute of limitations. *Id.* at 131.[1]

Under 42 U.S.C. § 1997e(a), by contrast, there is no national standard requiring a prisoner to wait a specific number of days before filing suit or deeming a prison grievance denied after a certain number of days. The prisoner must wait until all available administrative remedies have been exhausted, period. The time that takes will vary. The state court's handling of the different tort-claim notice requirement in *Colby* thus does not answer when tolling should commence when applying both Wis. Stat. § 893.23 and 42 U.S.C. § 1997e(a) to a prisoner's claim. The statutory language provides our best and most straightforward guide for this case.

---

[1] The Wisconsin Supreme Court ultimately allowed Colby's claim to proceed under a different tolling statute, Wis. Stat. § 893.13, but held that for future claims like Colby's, that alternative tolling statute would not apply. 550 N.W.2d at 133–34.

**3. Conflicting Dicta and Confusion.** As pointed out at the end of Judge Kirsch's opinion, this court has managed to create some confusion about this relatively simple problem. On the correct side, we said in *Bowers v. Dart*, 1 F.4th 513 (7th Cir. 2021), following the language of the parallel Illinois tolling statute, that the two-year statute of limitations clock started ticking only when administrative remedies were exhausted. *Id*. at 518, citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The outcome of *Bowers* did not turn on the point, though, because the plaintiff had waited nearly another year to file his suit. We rejected his argument that the statute of limitations was also tolled while a county office of professional review investigated the incident. Still, in applying the statute of limitations, we did not count the time between accrual of the plaintiff's claim and his filing of the grievance that launched the administrative remedies process. We have stated the correct *Bowers* formulation in both published opinions and non-precedential orders.[2]

On the other hand, we said something different in *Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012), another case involving the Illinois statute. The prisoner-plaintiff was injured on May 16, 2009 and filed an emergency grievance the same day.

---

[2] See, e.g., *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019) ("Wilson's limitations clock for Dr. Carter did not begin to run until his administrative grievance was denied. … That happened, at the latest, in January 2014—a date that is also more than two years before the date when Wilson refiled suit," citing *Johnson*, 272 F.3d at 522); *Dobbey v. Uptown People's Law Center*, No. 23-1885, 2023 WL 8106978, at *1–2 (7th Cir. Nov. 22, 2023) (prisoner waited ten days after his alleged injury before filing administrative grievance and exhausted administrative remedies on February 12, 2021; prisoner "had to file suit by February 12, 2023, and so the complaint he filed on December 1, 2022, was timely").

Because both occurred on the same day, we did not have to choose whether to count any days before a grievance was filed. But here's what we wrote: "In this case, Gomez *filed his emergency grievance* on May 16, 2009. *Thus*, the statute of limitations was tolled from that date until the grievance process was complete." *Id.* at 864 (emphasis added). Under the text of the parallel Illinois tolling statute, it would have been more precise to say that Gomez *was injured on May 16, 2009*, so the statute of limitations was tolled until the grievance process was complete and the statutory prohibition on filing suit was lifted. Unfortunately, at least two non-precedential orders also reflect the *Gomez* approach and held that the tolling period starts only when the prisoner files his grievance and ends when the administrative review process is over. See *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007); *Santiago v. Snyder*, 211 F. App'x 478, 480 (7th Cir. 2006).[3] These cases derive this mistaken rule by misreading an earlier case, *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), rather than *Gomez*, decided later.

Some digging turned up possible sources for this confusion. First, many cases on this topic were issued without the benefit of full briefing to tee up the specific issue raised by the defense in our case, nor were they even subject to the adversarial process. (Fortunately, that's not the case here. I echo Judge Kirsch's opinion thanks to attorneys Alexis Zhang and

---

[3] The rule stated in these non-precedential orders has also percolated among district courts. See, e.g., *McCarter v. Brookhart*, No. 21-CV-0062-SPM, 2023 WL 2018467, at *2 (S.D. Ill. Feb. 15, 2023) (citing *Hatch*); *Harmon v. Jordan*, No. 12-CV-0021-MJR-SCW, 2013 WL 4410995, at *2 (S.D. Ill. Aug. 15, 2013) (oldest district court case citing *Hatch* for this point); *Knox v. Ross*, No. 17-CV-0571-SMY, 2017 WL 5756906, at *2–3 (S.D. Ill. Nov. 28, 2017) (citing *Santiago*); *Wilson v. Wexford Health Sources, Inc.*, No. 18-CV-0498-SMY, 2018 WL 2864033, at *4 (S.D. Ill. June 11, 2018) (same).

Anthony Dick and the law firm Jones Day, who volunteered to serve as appointed counsel for appellant Schlemm.) Second, loose language in some of our opinions has led to confusion and conflicting interpretations. I begin with the unfortunate loose language in *Gomez*.

*Gomez* supplied its loose language without having engaged with the statutory language. Nothing in *Gomez* turned on the difference between the date of injury and the filing of the grievance. They happened on the same day. 680 F.3d at 861, 864. Accordingly, that language in *Gomez* should not be overread as having adopted the atextual theory offered here, that the statute of limitations clock starts when the injury occurs, stops when a grievance is filed, and starts again when the grievance process has been completed.[4]

---

[4] *Gomez* quoted *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008) for the proposition that "the limitations period is tolled while a prisoner completes the administrative grievance process" before launching the loose language that has caused confusion for proper application of the tolling statute. *Gomez*, 680 F.3d at 864. Here's the Westlaw headnote in *Walker* on this point:

> Limitations period for pretrial detainee's § 1983 excessive force claim against county correctional officers was *tolled from time that detainee filed administrative grievance until he received the denial of the grievance*, notwithstanding that detainee failed to file grievance within 15 days of the incident, as required by county policy, where the policy requirements were not available to detainees, and detainee testified that he was not aware of the 15-day requirement. 42 U.S.C.A. § 1983.

526 F.3d at 974, headnote 9 (emphasis added). The headnote seems to mirror the approach taken in *Gomez* and some non-precedential orders. See, e.g., *Wagner v. Hardy*, 609 F. App'x 874, 876 (7th Cir. 2015) (citing *Walker*). But the *Walker* headnote was just flat wrong on the facts. In *Walker*, the district court had granted summary judgment to defendants on the theory

Nevertheless, a couple of non-precedential orders from this court and dozens of district court orders have counted days between a prisoner's injury and grievance toward the statute of limitations. Those cases often did not have the benefit of the adversarial process or full briefing on the specific defense theory at issue in our case. See, e.g., *Givens v. Luedtke*, 587 F. App'x 979, 981 (7th Cir. 2014) (summary disposition; defendants not served with process and did not participate in appeal; plaintiff himself asserted statute of limitations was tolled for only the 239 days between filing of administrative grievances and exhaustion of administrative remedies). This dynamic seems to have contributed to imprecise language in opinions and orders.

In addition to the loose language in *Gomez*, two non-precedential orders, *Santiago v. Snyder*, 211 F. App'x 478 (7th Cir. 2006), and *Hatch v. Briley*, 230 F. App'x 598 (7th Cir. 2007), cited *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), for the proposition that the statute of limitations is *not* tolled for the

---

that the statute of limitations had run on several of Walker's claims. We reversed. For one of the claims, Walker's injury occurred on January 11, 2004, but the prison did not receive an administrative grievance until 31 days later, on February 11, 2004. See Brief and Argument of Defendants/Appellees, 07-2817, 2007 WL 4516462, at *15. Notably, *Walker* did not state the specific date Walker's grievance was filed, only that it was more than 15 days after his injury. 526 F.3d at 978. The administrative grievance process was completed on February 27, 2004, and Walker filed his lawsuit on February 13, 2006. This means Walker filed his suit 14 days shy of the two-year statutory limit if counted from the date he exhausted his administrative remedies (February 27, 2004). By contrast, if the 31 days between Walker's injury and the filing of his grievance had counted toward the statute of limitations, as the headnote asserted, his suit would have been untimely. Under the rule stated in the headnote, we could not have reversed the grant of summary judgment.

time between the injury and the filing of an administrative grievance. *Santiago* and *Hatch* both misread *Johnson*, which said only: "We thus hold that in the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process." 272 F.3d at 522.

This language in *Johnson* clearly did not go as far as *Santiago* said it did. *Santiago* said that *Johnson* held that the statute was tolled *only* while the prisoner exhausted his formal administrative remedies. *Santiago*, 211 F. App'x at 480. *Santiago* did not focus on the statutory language. It focused instead on distinguishing between a prisoner's informal efforts to seek relief and the formal administrative remedies. We rejected the plaintiff's argument that the statute of limitations should have been tolled from the time of his alleged injury until he filed his formal grievance under the parallel Illinois statute. *Id*. I do not question the result in *Santiago*, but its analysis might have been better framed in terms of the prisoner's failure to pursue administrative remedies on a timely basis.

In *Hatch*, the panel also did not engage with the language of the statute. Instead, it simply asserted that *Johnson* established a tolling rule that did not apply between accrual of a claim and the start of the grievance process. *Hatch*, 230 F. App'x at 599.

Both non-precedential orders appear to have overread *Johnson* and used language that is out of step with the plain language of the Illinois and Wisconsin tolling statutes. In *Johnson*, the court was not presented with the defense's theory in our present case because the prisoner never exhausted his administrative remedies. 272 F.3d at 522. Instead, he alleged prison officials destroyed his grievances, foiling his

exhaustion attempts. Accordingly, we correctly reversed the district court's dismissal for untimeliness, *id.*, but without actually supporting the atextual rule applied in *Santiago* and *Hatch*.[5]

I hope that district courts considering this issue in the future will skip over the prior dicta and non-precedential orders and focus primarily on the statutory language. It is not difficult to construe and apply in cases like this, where a prisoner waits some days to file a grievance about an alleged wrong.[6] Our prior non-precedential orders that have denied tolling for time between a prisoner's injury and his submission of a grievance are not reliable guides to interpretation of these statutes.

---

[5] Indiana does not have a tolling statute parallel to the Wisconsin and Illinois statutes addressed here. *Seabrooks v. Randall*, 2019 WL 144241, at *2 (S.D. Ind. Jan. 9, 2019); *Smith v. Wilson*, 2009 WL 3444662, at *2–3 (N.D. Ind. Oct. 22, 2009).

[6] I do not address here different issues that might arise if a prisoner-plaintiff never tried to exhaust available administrative remedies or missed deadlines in that process, except to note that such a plaintiff would encounter problems under 42 U.S.C. § 1997e(a).